58 November 20, 2012 No. 7

IN THE OREGON TAX COURT
REGULAR DIVISION

Filamon CHAVEZ-TENA,
*Plaintiff,*
*v.*
DEPARTMENT OF REVENUE,
*Defendant.*
(TC 5100)

Plaintiff (taxpayer) appealed from a Magistrate Division decision as to deficiency assessments of Defendant (the department) regarding dependents claimed by taxpayer on his Oregon income tax return. The department argued that the proof presented by taxpayer did not establish that taxpayer provided over one-half of the support for the persons he claimed as dependents. The court found that while taxpayer was credible, he had not provided the proof necessary to establish his case and his appeal was denied.

Trial was held on November 5, 2012, in the courtroom of the Oregon Tax Court, Salem.

Filamon Chavez-Tena, Plaintiff (taxpayer) argued the cause *pro se*.

Nathan Carter, Assistant Attorney General, Department of Justice, Salem, argued the cause for Defendant (the department).

Decision for Defendant rendered November 20, 2012.

**HENRY C. BREITHAUPT, Judge.**

## I. INTRODUCTION

This matter is before the court after a trial. The matter relates to personal income tax liability for the 2008 and 2009 tax years. At trial all exhibits offered by the parties were admitted by stipulation of the parties in open court. In addition testimony was received from Plaintiff (taxpayer) and the auditor employed by Defendant Department of Revenue (the department).

## II.   FACTS AND ANALYSIS

The record establishes that taxpayer claimed as dependents six persons residing in Mexico.[1] Those persons were his parents, two nephews and two godchildren. Taxpayer also claimed head of household status for Oregon income tax purposes. That status can exist only if taxpayer had at least one dependent among the six he claimed as dependents.

Taxpayer asserts that he sent significant sums to Mexico to provide support for all six persons. The department does not contest the amounts that taxpayer alleges he sent to Mexico. However, in this division, as in the Magistrate Division, the department argues that the proof presented by taxpayer does not establish that he provided over one-half of the support for the persons he claims as dependents.[2]

The documentary evidence presented by taxpayer comes from the 2012 tax year. It is not evidence that is persuasive as to what the support requirements were for the six persons in 2008 or 2009. Taxpayer asserts that he was told by someone that current expense records would suffice for the required proof. Taxpayer is unable to identify who told him this and there is no written confirmation of such advice. Indeed, the Answer of the department in the Magistrate Division includes a request for additional information as to support and repeatedly states that the information must be for the year in question.

Even if the court were to consider the evidence on support requirements of his relatives and godchildren, the evidence presented is for only a portion of the year. There was no other testimony or evidence as to other portions of the year. In addition, taxpayer's testimony established that his father and brother had or could have provided support for the persons taxpayer claims as dependents.

---

[1] Taxpayer filed an original and an amended return for the years in question. The positions of the department were contained in deficiency assessments and its answer filed in the Magistrate Division.

[2] As to the godchildren, the department also contends they do not bear the biological relationship to the taxpayer as required by Internal Revenue Code sections 152(c) and 152(d), a point taxpayer concedes.

Taxpayer has failed to carry his burden of proof that the sums he sent to Mexico constituted the necessary percentage of overall support for him to claim his parents and nephews as dependents.

Neither the court nor the department believes that the taxpayer is not credible. However, taxpayer has simply not provided the proof necessary to establish his case. In addition, in this area the statutory definitions contained in federal law must be reviewed and applied carefully. The fact that taxpayer signed a return, prepared by a return preparer, that claimed dependent status for godchildren indicates that neither the return preparer nor the taxpayer were exercising due care in determining if the persons claimed as dependents met the statutory requirements.

## III.   CONCLUSION

The appeal of the taxpayer is denied. The deficiency amount shall be calculated by the department and included in a form of judgment submitted in accordance with the rules of the court. Taxpayer is encouraged to have the calculation made by the department reviewed to insure it credits him with payments already made and properly takes into account his return positions and the adjustments made by the department throughout this proceeding. Now, therefore,

IT IS THE DECISION OF THIS COURT that taxpayer's appeal is denied.